BARTELS v. SOUTHERN YACHT CLUB

———

(December 16, 1929. Opinion and Decree.)

———

H. A. Moise, of New Orleans, attorney for plaintiff, appellee.

Beard & O'Keefe, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. For some time prior to the year 1922 plaintiff had been employed by defendant as night watchman, for which he was given his board and lodging and a salary of $50 per month. He contends that the salary paid him was not intended as compensation for extraordinary carpentry and mechanical services which from time to time he might be called upon to perform, but was to compensate him only for serving as night watchman and for such minor repairs inside the club building of defendant as he might be called on to make. This suit is for $1,002.60 for extraordinary services in making major repairs rendered necessary by storm damage. These services were claimed to have been rendered during the latter part of 1922 and during the year 1923.

Defendant contends that the services were only such as were contemplated as being within plaintiff's duties as night watchman and houseman and that it was not understood that he should receive extra compensation. Defendant further resists payment on the ground that, by a resolution of the governing board, no indebtedness exceeding $100 could be incurred by the club unless with the approval of the governing board obtained prior to the incurring of the indebtedness.

The evidence convinces us that, for several years prior to the period in question, plaintiff had performed similar services and had been paid extra compensation in rather substantial sums. At one time his bill for $1,100 for similar services during an earlier period was paid by the club, apparently without question as to plain-

tiff's right to receive extra compensation for such services.

If the defendant had internal rules and regulations, it is not shown that they were brought to the attention of Bartels, and, on the contrary, it appears that, by the custom established in the previous years, Bartels was led to believe that he would be compensated for such services.

The bill of plaintiff bears the approval of Mitchell, who was the manager of the club at the time the services were rendered and who testified that the charges were correct and that the services were performed satisfactorily.

It is true that, at the time this bill was approved, Mitchell was aware of the fact that his services were about to be dispensed with, but while such a circumstance might, ordinarily, to some extent, affect the credibility of a witness, it is not sufficient to justify us in entirely disregarding the testimony of that witness, particularly in view of the fact that no evidence challenging the correctness of the bill was introduced. The only officer of the club who, on the trial, gave any helpful information on the question of the prior custom, was Mr. H. T. Howard, who had been commodore for the three years next preceding those involved in this suit, and his testimony is to the effect that he had settled with Bartels for his prior bill and that, at that time, it was understood that in the future the salary of Bartels was intended to compensate him for minor repairs inside the club, but that, if called on to perform services outside the club, or to make major repairs resulting from storm damage, additional compensation would be paid.

The delay in presenting the bill; the fact that Mitchell when he approved the bill knew he was about to be discharged and the fact that he kept the bill in the club safe without presenting it to the officers are all suspicious circumstances. Had such men as Mr. Benedict, Mr. Moody and Dr. Miller and the other officials of the club, been able to contradict the testimony of plaintiff's witnesses, we would not have hesitated in reversing the judgment against the club. But those officials mentioned gave only negative testimony. They had little information as to the duties of Bartels and did not attempt to contradict his statement as to the prior payments for similar services.

For these reasons we are unable to say that the judgment appealed from, which was in favor of plaintiff as prayed for, was manifestly erroneous.

It is therefore ordered that the judgment appealed from be and it is affirmed.